IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Marc S. Jenson and Ares Funding, LLC, )<br>)<br>　　　　　Plaintiffs,　　　　)<br>)<br>v.　　　　　　　　　　　　　　)<br>)<br>AMDS Holdings, LLC;　　　　　)<br>Shane Gadbaw;　　　　　　　　)<br>XE Capital Management, LLC;　 )<br>Bridlepath, LLC; and　　　　　　)<br>Robert W. O'Neel, III,　　　　　　)<br>)<br>　　　　　Defendants.　　　　)<br>_____ ) | Case No. Nos. 6:22-mc-680-DCC<br>　　　　　　　　6:23-cv-6136-DCC<br><br><br>**ORDER** |

　　This matter is before the Court on Defendant Robert W. O'Neel, III's motion to vacate judgment and to quash writ of execution under Federal Rule of Civil Procedure 60(b). ECF No. 8. This motion was referred to United States Magistrate Judge Kevin F. McDonald for a Report and Recommendation ("Report"). On October 27, 2023, the Magistrate Judge issued a Report recommending that the motion be granted. ECF No. 14. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. No party has filed objections and the time to do so has lapsed.[1]

---

[1] The Court notes that, in the miscellaneous case, there is a docket entry indicating that the copy of the Report mailed to Plaintiffs has been returned as undeliverable. No. 6:22-mc-680-DCC, at ECF No. 17. As the docket in the miscellaneous case was copied over into a civil case, the Court does not assume that Plaintiffs received a copy of the Report even though there is no indication that it was returned in the civil case docket.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Upon review of the record, applicable law, and Report for clear error, the Court agrees with the recommendation of the Magistrate Judge. Defendant O'Neel's motion to vacate judgment and to quash writ of execution [8] under Rule 60(b) is **GRANTED**. Accordingly, the registration entered on November 14, 2022 [1] and the writ of execution issued on November 18, 2022 [4] are **VACATED**. The Clerk of Court is directed to mail a copy of this Report to the Plaintiffs and MH Recovery, LLC, at their respective addresses as shown on the certificate of service at docket no. 13-1.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.  
United States District Judge

January 17, 2024  
Spartanburg, South Carolina